UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MATEO VICARIO,

                                 Plaintiff,               **COMPLAINT**

        - against -                       **FLSA COLLECTIVE**

WANTAGH NOODLE, Inc. d/b/a
JANI CHINESE and JAPANESE CUISINE,
And JANI DOE and KEYI YI SUN, individually,

                                Defendants.
------------------------------------------------------------------X

       Plaintiff Mateo Vicario (hereinafter referred to as "Vicario" or "Plaintiff"), individually and on behalf of others similarly situated by and through his attorneys, Yale Pollack of The Law Offices of Yale Pollack and Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Wantagh Noodle, Inc. d/b/a Jani Chinese and Japanese Cuisine ("Jani Cuisine") and the owner Jani Doe ("Jani") and Keyi Yi Sun ("Sun") individually (collectively "Defendants"), alleges the following:

## <u>NATURE OF THE ACTION</u>

1.    This is a civil action brought by Plaintiff and all other similarly situated kitchen staff to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

2.    Plaintiff further brings this action on behalf of herself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

3.   Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§195 (1) and (3).

4.   Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

6.   This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7.   Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff Mateo Vicario**

8.   Plaintiff is an adult individual residing in Queens County, New York.

9.   Plaintiff worked for from September 13, 2021 until May 22, 2022.

10.  Plaintiff was employed as a kitchen helper.

11.  Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Wantagh Noodle, Inc.**

12.    On information and belief, Wantagh Noodle, Inc. d/b/a Jani Chinese and Japanese Cuisine is a restaurant incorporated in the State of New York, having its principal place of business located at 1175 Wantagh Ave. Wantagh, NY 11793.

13.    On information and belief, Defendant Jani is a co-owner of Jani Japanese Cuisine.

14.    On information and belief, Defendant Sun is a co-owner of Jani Japanese Cuisine.

15.    On information and belief, Defendants Jani and Sun maintain control, oversight and direction over Jani Japanese Cuisine.

16.    At all times relevant to this action, Jani Japanese Cuisine was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17.    On information and belief, Jani Japanese Cuisine has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Jani Doe**

18.    Jani is a person engaged in business in New York County, who is sued individually in their capacity as an owner, officer and/or agent of Jani Japanese Cuisine.

19.    On information and belief, Jani is an owner of Jani Japanese Cuisine.

20.    On information and belief, Jani maintains control, oversight and direction over Jani Japanese Cuisine along with Sun.

21.    Jani exercises sufficient control over Jani Japanese Cuisine to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Jani had the authority

to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Jani Japanese Cuisine.

22.   Jani had substantial control over Plaintiff's working conditions and the practices alleged herein.

**Defendant Keyi Yi Sun**

23.   Sun is a person engaged in business in New York County, who is sued individually in their capacity as an owner, officer and/or agent of Jani Japanese Cuisine.

24.   On information and belief, Sun is an owner of Jani Japanese Cuisine.

25.   On information and belief, Sun maintains control, oversight and direction over Jani Japanese Cuisine along with Jani.

26.   Sun exercises sufficient control over Jani Japanese Cuisine to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto Sun had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Jani Cuisine.

27.   Sun had substantial control over Plaintiff's working conditions and the practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

28.   The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

29.   The FLSA Collective consists of approximately 15 similarly situated current and former employees who were employed in the kitchen who have been victims of Defendants'

common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

30.     As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA.  This policy includes, *inter alia*, the following:

    i.   failing to pay employees the applicable overtime rate for all time worked in excess of forty hours per week; and

    ii.   failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

31.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation.  Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

32.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action.  Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

33.     The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

34.     Defendants failed to compensate Plaintiff and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week.

The exact accounting of such discrepancy can only be determined upon completion of discovery.

35. Plaintiff and the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law

## STATEMENT OF FACTS

### JANI JAPANESE CUISINE

36. Established in 1998, Jani Cuisine is in Nassau County.

37. Per its website, Jani Cuisine is known for its authentic Chinese and Japanese cuisine and comfortable atmosphere.

### Plaintiff's Employment with Defendants

38. From September 13, 2021 through the end of his employment, Plaintiff worked six days a week, from Wednesday through Monday.

39. Throughout Plaintiff's employment, he worked from 10:30 a.m. to 9:00 p.m.

40. Throughout his employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

41. Throughout his employment with Defendants, Plaintiff was not compensated at the appropriate overtime rate of pay.

42. Throughout Plaintiff's employment, Plaintiff was paid in currency (cash).

43. From the beginning of his employment until on or about March 2022, Plaintiff was paid $725 a week.

44.    Plaintiff's pay for this time period was not inclusive of overtime.

45.    Rather, the pay was only for the first 40 hours that he worked.

46.    From on or about April 2022 through the end of his employment, Plaintiff was paid $750 a weekly.

47.    Plaintiff's pay for this time period was not inclusive of overtime.

48.    Rather, the pay was only for the first 40 hours that he worked.

49.    Defendants never required Plaintiff to "clock in" or "clock out."

50.    Defendants never provided Plaintiff with a written wage notice setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

51.    When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a notation or any other documentation of his hours worked during that pay period or his rate of pay.

52.    During Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

**Defendants' Violations of the Wage Theft Prevention Act**

53.    The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

54.    Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

55.    Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of the Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

56.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

58.     Defendants willfully failed to pay Plaintiff and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

59.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

60.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

61.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective has been deprived of overtime compensation in amounts to be determined at trial, and is

entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of New York Labor Law
#### (On Behalf of Plaintiff)

62.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

64.     Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all of their overtime hours worked, in violation of the NYLL.

65.     Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

66.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law
#### (On Behalf of Plaintiff)

67.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68.     Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his

9

primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

69. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

70. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law
### (On Behalf of Plaintiff)

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

73.   Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

74.   Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

(a)   Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b)

(b)   Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c)     Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(d)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, § 198;

(e)     Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(f)     Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(g)     For pre-judgment and post-judgment interest on the foregoing amounts;

(h)     For the costs and disbursements of the action, including attorney's fees; and,

(i)     For such other further and different relief as the Court deems just and proper.

Dated: August 26, 2022
       New York, New York

                                      **THE LAW OFFICES OF YALE POLLACK**

                                        By:      */s/ Yale Pollack*
                                                    Yale Pollack, Esq.
                                                    66 Split Rock Road
                                                    Syosset, New York 11791

                                        **THE LAW OFFICES OF JACOB ARONAUER**

                                        By:      */s/ Jacob Aronauer*
                                                    Jacob Aronauer, Esq.
                                                    225 Broadway, 3rd Floor
                                                    New York, NY 10007
                                                    (212) 323-6980
                                                    jaronauer@aronauerlaw.com

                                                    *Attorneys for Plaintiff*